[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
Conn. General Stats. 42-110a, et. seq. (CUTPA), because it is a remedial statute, requires a liberal interpretation. The defendant's reliance on the literal reading of the CUTPA statute disregards the common law criteria adopted by our Supreme Court. Additionally, defendant's contention that CUTPA precludes claims between employers and employees is unsupported either by statute or case law.
In determining whether a particular practice violates CUTPA, the trial court's criteria are: "(1) whether the practice without necessarily having been previously considered unlawful offends public policy as it has been established by statutes, the common law, or otherwise . . . whether, in other CT Page 3057 words it is within at least the penumbra of some common law, statutory or other established concept of fairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumer, competitors or other business persons." Web Press Services Corp. v. New London Motors, Inc., 203 Conn. 342, 355 (1987); c.f. Sportsmen's Boating Corp. v. Hensley, 192 Conn. 747, 756 (1984).
Although all three criteria need not be satisfied to support a finding of unfairness, Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 242 (1987), the plaintiff's complaint alleges sufficient factual situations to fall under the broad shadows of our CUTPA Act. The defendant conceded at argument that certain of the complaints' allegations articulated proscribed conduct at common law and offended "concepts of fairness."
Admittedly, there is a substantial breach between allegations and proof. For purposes of this motion, the trial court is restricted to the legal sufficiency of the pleadings. Taking the facts most favorable to the pleader, the defendant's motion to strike is denied.
SO ORDERED: SPADA, J.